# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE LAYTON CARTER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-859-CFC |
| CHRIS COONS, et al., | : |
| Defendants. | : |

Jermaine Layton Carter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

April 4, 2021
Wilmington, Delaware

*[signature: Colm F. Connolly]*

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff Jermaine Layton Carter, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit alleging violations of his federal rights by federal actors. (D.I. 1) He proceeds *pro se* and has paid the filing fee. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A(a).[1] Plaintiff has also filed a motion for default judgment. (D.I. 10)

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues United States Senators Chris Coons and Tom Carper as well as the United States Congress. He alleges a *Bivens* claim for violation of his right to Equal Protection claim under the Fourteenth Amendment to the United States Constitution.[2] (*Id.* at 2-4) Plaintiff alleges that he was denied equal protection of the laws and discriminated against on April 11, 2021 and April 28, 2021. (*Id.*)

Plaintiff's claim concerns his State Court "guilty but mentally ill plea". He states that guilty but mentally ill—which is allowed in Delaware State Court—should be added to Federal Rule of Criminal Procedure 11 to allow him to challenge the plea in a federal habeas claim. (*Id.* at 5) Plaintiff wrote to Senators Coons and Carper about the issue

---

[1] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

[2] Where a litigant sues federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

1

but received no response. (*Id.*) Plaintiff would like to use 5 U.S.C. § 702 to sue Defendants. (*Id.* at 8) He alleges Defendants failed to enforce the law when they did not add a "guilty but mentally ill plea" to the Federal Rules of Civil Procedure 11. (*Id.*) Plaintiff alleges that since they did not, he cannot challenge the guilty but mentally ill plea in his federal habeas corpus petition. (*Id.*)

Plaintiff seeks injunctive relief.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably

2

meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574

U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. See id. at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff fails to raise a cognizable claim. The process to amend or enact a new federal rule of criminal procedure is extensive and subject to multiple levels of review by the Advisory Committee on Civil Rules, the Judicial Conference's Committee on Rules of Practice and Procedure, public commenters, the Judicial Conference of the United States, the Supreme Court, and Congress. See 28 §§ 2071- 2077 (Rules Enabling Act of 1934). The Rules Enabling Act authorizes the Supreme Court to promulgate rules of procedure, which have the force and effect of law.

The process is as follows:

> The Judicial Conference's Committee on Rules of Practice and Procedure, ("Standing Committee") and its five advisory rules committees "carry on a continuous study of the operation and effect" of the federal rules as directed by the Rules Enabling Act. [An] Advisory Committee[] on . . .

4

> Criminal . . . Rules evaluate[s] suggestions (*i.e.* proposals) for rules amendments in the first instance. If an advisory committee pursues a proposal, it may seek permission from the Standing Committee to publish a draft of the contemplated amendment. Based on comments from the bench, bar, and general public, the advisory committee may then choose to discard, revise, or transmit the amendment as contemplated to the Standing Committee. The Standing Committee independently reviews the findings of the advisory committees and, if satisfied, recommends changes to the Judicial Conference, which in turn recommends changes to the Supreme Court. The Court considers the proposals and, if it concurs, officially promulgates the revised rules by order before May 1, to take effect no earlier than December 1 of the same year unless Congress enacts legislation to reject, modify, or defer the pending rules.

*See* https://www.uscourts.gov/rules-policies/about-rulemaking-process/how-rulemaking-process-works.

The Complaint is defective because it sets forth no well-pleaded facts that give rise to civil liability against any Defendant. As just discussed, the rule making process is extensive and Congress takes no part in the rule making process until the completion of several steps. There are no allegations that any of those steps took place. Moreover, the United States Congress is entitled to sovereign immunity as are Senators Coons and Carper who have legislative immunity. See *Robinson v. Consumer Fin. Prot. Bureau*, 689 F. App'x 151, 152 (3d Cir. 2017). Therefore, the Complaint will be dismissed.

## V.    CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for default judgment (D.I. 10); and (2) dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2). Amendment is futile.

An appropriate order will be entered.

5